IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GOLD STAR FEED AND GRAIN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ULSTER DAIRY, LLC, CASHELL'S CATTLE COMPANY, BEN CASHELL, and ELIZABETH CASHELL,<br><br>Defendants. | Case No. 4:23-cv-01942-MWB<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Gold Star Feed and Grain, LLC ("Plaintiff" or "GSFG"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, hereby submits this Brief in support of its Motion for Default Judgment against Defendants Ulster Dairy, LLC ("Ulster"), Cashell's Cattle Company, Ben Cashell, and Elizabeth Cashell (collectively, the "Cashells") (collectively, "Defendants").

## BACKGROUND FACTS

1. Beginning in February 2022, Defendants began ordering and agreed to purchase, on credit, processed grains, whole grains, and mixed dairy feed products ("Products") for use in their dairy operations. (Doc. 1 ¶¶ 20, 34; Declaration of Tab Berger ("Berger Decl.") ¶¶ 6-7).

2. The invoices incorporate by reference the terms and conditions located on GSFG's parent company, J.D. Heiskell Holdings, LLC's ("JDH"), website. (Doc. 1 ¶¶ 15-19; Berger Decl. ¶¶ 8-10).

3. The terms and conditions provide for recovery of attorney's fees upon Plaintiff's prevailing on any contract dispute and accrual of interest at the rate of eighteen percent (18%) per annum on past due balances. (Doc. 1 ¶¶ 17-19; Berger Decl. ¶¶ 9-11, Ex. A).

4. The terms and conditions also provide that if JDH's affiliates are "the prevailing party in any dispute or litigation under any Commodities Contract, [they] shall be entitled to recover all costs of collection, including reasonable attorney's fees." (Berger Decl. ¶ 10, Ex. A).

5. Beginning in December, 2022, Ulster stopped paying the invoices sent by GSFG for Products ordered and delivered to Ulster. (Doc. 1 ¶ 26; Berger Decl. ¶ 13).

6. Despite repeated demand letters from Plaintiff, Ulster has failed and refused to pay its outstanding balance or otherwise respond to Plaintiff's requests for payment. (Doc. 1 ¶¶ 26-32; Berger Decl. ¶¶ 14-15).

7. As of January 11, 2024, the total sum that Ulster has failed to pay to GSFG for Products delivered by GSFG is $149,149.22. (Berger Decl. ¶¶ 19-31, Ex. B).

8. Beginning in December 2022, the Cashells stopped paying the invoices sent by GSFG for Products ordered and delivered to the Cashells. (Doc. 1 ¶¶ 39-40; Berger Decl. ¶¶ 16-18, 22-23).

9. Plaintiff sent a demand letter to the Cashells on September 20, 2023, but the Cashells did not respond and did not pay their outstanding balance. (Doc. 1 ¶¶ 41-43; Berger Decl. ¶¶ 17-18).

10. As of January 11, 2024, the total sum the Cashells have failed to pay to GSFG for Products is $7,400.70. (Berger Decl. ¶¶ 22-23, Ex. C).

**PROCEDURAL HISTORY**

11. On November 22, 2023, GSFG commenced this action against each of the Defendants, seeking to recover for breach of contract or, in the alternative, breach of implied contract or unjust enrichment. (*See generally,* Doc. 1).

12. On November 22, 2023, the Clerk issued Summonses upon the Defendants in this case. (Doc. 2).

13. Defendants were personally served on December 7, 2023. (Doc. 4).

14. The Defendants – none of whom are infants, incompetent, engaged in the military service, or otherwise exempt from default judgment pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 – failed to plead or otherwise defend within the time periods prescribed by the Federal Rules of Civil Procedure ("FRCP").

15. On January 12, 2024, Plaintiff submitted a Motion to Clerk for Entry of Default Judgment pursuant to FRCP 55(a). (Doc. 5).

16. Pursuant to the FRCP, the Clerk properly entered the Defendants' Default on January 12, 2024. (Doc. 6).

17. After the Clerk's entry of default, the Court may grant a default judgment on the merits of the case. FRCP 55.

18. Defendants have failed to take any action to defend the case despite being personally served process more than one month ago. (Blumenthal Aff. ¶ 4).

19. As of the date of this Motion, GSFG has incurred $4,800.00 of attorney's fees, which fees are reasonable and necessary. (Blumenthal Aff. ¶¶ 3-7).

**LEGAL STANDARD**

Pursuant to FRCP 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." *Thomson v. Wooster*, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105 (1885); *see also Scartelli Constr. Servs., Inc. v. Chesapeake Bldg. Components, Inc.*, No. 3:18-CV-1164, 2019 WL 13117330, at *1 (M.D. Pa. July 22, 2019).

4866-7403-3055.1

Rule 55 of the FRCP allows default judgment to be entered "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Rule 55 further permits entry of default judgment for the amount and costs "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Such an amount may be shown "on the plaintiff's request, with an affidavit." *Id.* In all other cases, the court may conduct hearings or make referrals when, to enter or effectuate judgment, it needs to: conduct an accounting; determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Whether an evidentiary hearing is necessary to determine damages is entrusted to the court's discretion. *Rios v. Marv Loves 1*, No. CV 13-CV-1619, 2015 WL 5161314, at *9 (E.D. Pa. Sept. 2, 2015). The court may find that damages are capable of being computed on the basis of the facts of the record, obviating the need for an evidentiary hearing. *Id.* ("The court may also 'rely upon detailed affidavits submitted by the parties.'").

## ARGUMENT

**I.**     ***GSFG is Entitled to Default Judgment as to Defendants' Liability.***

Despite GSFG's efforts to invoke Defendants' participation in this case, Defendants have nonetheless failed to respond to GSFG's Complaint. (Doc. 4; Doc. 6). As a result, pursuant to FRCP 8(b)(6), the Defendants are deemed to have admitted the allegations set forth in GSFG's Complaint. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990*)* (In the context of a defendant in default, "the factual allegations of the complaint, except those relating to damages, will be taken as true."). As such, Defendants have admitted that (1) they had a valid contract with GSFG; (2) that GSFG delivered Products to Defendants per their orders; (3) that Defendants were obligated to pay GSFG for the Products; and (4) that Defendants have failed to pay the outstanding

invoices to GSFG.

**II.     *GSFG is Entitled to Default Judgment as to Damages against Defendants.***

As set forth above, Defendants agreed to the terms and conditions on JDH's website, which were incorporated by reference in the invoices sent to Defendants. Despite initially complying with the terms and conditions, Defendants ceased making payments in December 2022. From December 2022 to the present, Defendants have failed to make payments towards their respective outstanding balances.

In accordance with the agreements, GSFG has charged interest on the overdue balances at a rate of 18.00% per annum. As set forth above, the current principal and interest outstanding as to Ulster is $149,149.22 and as to the Cashells is $7,400.70, inclusive of 18% interest charges accrued on the outstanding balances as of the date of this Motion. As a result, GFSG seeks entry of judgment against Ulster in the amount of $149,149.22 and against the Cashells, jointly and severally, in the amount of $7,400.70.

GSFG is further entitled to post-judgment interest at the rate of 18% per annum on Defendants' outstanding balances. *See Pittsburgh Const. Co. v. Griffith*, 2003 PA Super 374, ¶ 53, 834 A.2d 572, 593 (2003) (awarding pre- and post-judgment interest at the rate of 18% per annum pursuant to the contract's terms). "The post-judgment interest rate is a matter of right where damages are ascertainable by computation; while the statutory rate of interest is fixed at 6%, the parties may agree to a higher rate." *Schlisman v. Urb. Space Dev., Inc.*, No. 440 EDA 2016, 2017 WL 976036, at *2 (Pa. Super. Ct. Mar. 13, 2017); *see also Griffith*, 2003 PA Super, ¶ 53, 834 A.2d at 593 (awarding 18% post-judgment interest according to the parties' agreement).

20.     Parties may also contract to provide for the breaching party to a contract to pay the attorneys' fees of the prevailing party in a breach of contract case. *Bert Co. v. Turk*, 2021 PA Super

87, 257 A.3d 93, 117 (2021), aff'd, 298 A.3d 44 (Pa. 2023). Here, pursuant to the terms and conditions, Defendants agreed that, if GSFG is "the prevailing party in any dispute or litigation under any Commodities Contract, [they] shall be entitled to recover all costs of collection, including reasonable attorney's fees."

Because Defendants also agreed to pay Plaintiff attorney's fees in the event Plaintiff prevails in this action, Plaintiff also seeks attorney's fees in the amount of $4,800.00.

## CONCLUSION

For the reasons set forth above, GSFG requests that the Court:

A. Enter judgment in favor of GSFG and against Ulster in the amount of $149,149.22 constituting the principal and past due interest due and owing by Ulster as of the date of this Motion, plus post-judgment interest at the rate of 18% per annum.

B. Enter judgment in favor of GSFG and against Cashell's Cattle Company, Ben Cashell, and Elizabeth Cashell, jointly and severally, in the sum of $7,400.70 constituting principal and past due interest as of the date of this Motion, plus post-judgment interest at the rate of 18% per annum.

C. Grant GSFG an award of attorney's fees in the amount of $4,800.00.

D. Grant GSFG such other and further relief that the Court may deem just and proper.

**Dated: February 2, 2024**

                        Respectfully submitted,

BY:    */s/ Amy J. Blumenthal*
           Michael T. McDonnell, III, Esq. (ID: 60111)
           Amy J. Blumenthal, Esq. (ID: 206304)
           Kutak Rock LLP
           100 N. 18th Street, Suite 1920
           Philadelphia, PA 19103-4104
           Phone: (215) 299-4384
           Michael.Mcdonnell@KutakRock.com
           Amy.Blumenthal@KutakRock.com

*Attorneys for Plaintiff*
*Gold Star Feed and Grain, LLC*