IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GOLD STAR FEED AND GRAIN, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ULSTER DAIRY, LLC, CASHELL'S CATTLE COMPANY, BEN CASHELL, and ELIZABETH CASHELL,<br><br>        Defendants. | No. 4:23-CV-01942<br><br>(Chief Judge Brann) |

MEMORANDUM OPINION

FEBRUARY 22, 2024

## I.  BACKGROUND

This case was initially filed by Plaintiff, Gold Star Feed and Grain, LLC ("GSFG"), against Defendants Ulster Dairy, LLC ("Ulster"), Cashell's Cattle Company, Ben Cashell, and Elizabeth Cashell (collectively "Cashell") on November 22, 2023.[1] Since then, the Defendants have failed to appear before this Court at all. After Plaintiff moved for entry of default, the Clerk of Court entered default on January 12, 2024.[2] GSFG has now moved for default judgment.[3] Still, the Defendants have refused to respond, and therefore the motion is now ripe for

---

1   *See* Doc. 1 (Compl.).
2   *See* Doc. 6 (Clerk's Entry of Default).
3   *See* Doc. 7 (Motion for Default Judgment).

disposition. For the reasons that follow, the motion is granted in part and denied in part.

## II. DISCUSSION

### A. Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[4] "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[5] "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when [the] defendant is technically in default and that fact has been noted under Rule 55(a)."[6]

The Court must consider three factors in deciding whether to grant default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether [the] defendant's delay is due to culpable conduct."[7] "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least

---

[4] FED. R. CIV. P. 55(b)(2).
[5] *Kibbie v. BP/Citibank*, No. 3:CV-08-1804, 2010 WL 2573845, at *2 (M.D. Pa. June 23, 2010) (Vanaskie, J.).
[6] Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[7] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)."[8] In cases where a defendant fails to appear, this Court may enter default judgment "based solely on the fact that the default has occurred."[9]

The Court nevertheless considers those factors for the sake of completeness; in this case, they favor the grant of default judgment. First, Plaintiff would be prejudiced by their "current inability to proceed with [their] action due to [the] Defendant[s'] failure to defend."[10] Their decision to not appear before this Court prevents GSFG from recovering any damages. Similarly, the second factor points in Plaintiff's favor. The "Defendants [have] not responded to the allegations and, thereby, [have] failed to assert a defense."[11] Finally, there does not seem to be any excuse for the Defendants' failure to appear. Service was accepted on behalf of the Defendants on December 7, 2023.[12] Having received service, the Defendants have yet to respond. Because the Defendants have offered no explanation for their failure to engage, the Court finds that the Defendants are culpable.[13] Therefore, default judgment is appropriate.

---

[8]  *Deutsche Bank Nat. Trust Co. v. Strunz*, Civ. No. 1:12-CV-01678, 2013 WL 122644, at *1 (M.D. Pa. June 9, 2013) (Kane, J.).

[9]  *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

[10]  *Broadcast Music, Inc. v. Kujo Long, LLC*, No. 1:14-CV-00449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) (Kane, J.).

[11]  *Pesotski v. Summa & Lezzi, Inc.*, No. 1:17-CV-00221, 2017 WL 3310951, at *3 (M.D. Pa. Jan. 9, 2013) (Kane, J.).

[12]  *See* Doc. 4 (Affidavit of Service).

[13]  *See Laborers Local Union 158 v. Shaffer*, Civ. No. 1:CV-10-1524, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011)(Kane, J.).

A finding that default judgment is warranted, however, "is not the end of the inquiry."[14] First, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[15] Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[16] Plaintiff's complaint asserts breach of contract claims against the Defendants and, in the alternative, claims for breach of an implied contract and unjust enrichment.[17] The Court now considers whether the allegations in the complaint, taken as true, state a claim under those causes of action.

### B. Facts Alleged in the Complaint

GSFG, a limited liability company, provides dairy feed and other commodities to farmers and agricultural businesses.[18] After a customer receives and accepts the products they ordered, Plaintiff sends them an invoice.[19] "The invoices reference the terms and conditions governing the transaction, including terms and conditions located on [J.D. Heiskell Holdings, LLC's ("JDH")] website,"[20] the sole member of GSFG.[21] These terms and conditions provide "(1)

---

[14] *Martin v. Nat'l Check Recovery Servs., LLC*, Civ. No. 1:12-CV-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016) (Caldwell, J.).
[15] *Broad Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008).
[16] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[17] *See* Doc. 1 (Compl.) ¶¶ 45-88.
[18] *See id.* ¶¶ 1, 13.
[19] *See id.* ¶ 15.
[20] *Id.* ¶ 16.

that all purchases on credit were due and payable in accordance with the corresponding invoice; (2) that amounts unpaid by customers would accrue interest at 1.5% per month or 18% per annum (compounded monthly); and (3) that defaults for non-payment do not require notice from GSFG to constitute a breach."[22] The JDH website further outlined that "GSFG may suspend product shipments" or credit and "collect[] amounts owed via lawsuit" when faced with a default by a customer.[23]

Ulster, a limited liability company, began to order products from GSFG in February 2022 for use in its dairy operations.[24] The invoices sent to Ulster "incorporate by reference the terms and conditions on JDH's website."[25] For several months Ulster paid for its deliveries.[26] In December 2022, GSFG "continued to deliver" products followed by an invoice "in accordance with the prior course of dealing, but Ulster failed to timely pay the invoices."[27] Ulster has accumulated an overdue balance "of at least $145,170.94."[28]

---

[21] See id. ¶ 2.
[22] Id. ¶ 17.
[23] Id. ¶¶ 18-19.
[24] See id. ¶¶ 4, 20.
[25] Id. ¶ 21.
[26] See id. ¶ 24.
[27] Id. ¶ 25.
[28] Id. ¶ 26.

Plaintiff sent two demand letters to Ulster requesting payment on this overdue balance but has received no response.[29] Ulster's overdue balance has been incurring a monthly interest charge of 1.5% "since at least January 31, 2023."[30]

In February 2022, Cashell's Cattle Company, an unincorporated entity, began to order products from Plaintiff to use in its dairy operations.[31] The invoices sent to Cashell incorporated by reference the terms and conditions on JDH's website.[32] Cashell failed to "timely pay the invoices" beginning in December 2022 and now has an overdue account of "at least $7,202.62."[33] GSFG sent a demand letter requesting payment but again received no response.[34] Cashell has accordingly been subject to an interest rate of 1.5% per month since "at least January 31, 2023" on its overdue account.[35]

### C. Plaintiff's Claims

#### 1. Breach of Contract Claims

To assert a breach of contract claim under Pennsylvania law,[36] GSFG must show "'(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.'"[37]

---

[29] *See id.* ¶¶ 27-32.
[30] *Id.* ¶ 33.
[31] *See id.* ¶¶ 6, 34.
[32] *See id.* ¶ 35.
[33] *Id.* ¶¶ 39-40.
[34] *See id.* ¶¶ 41-43.
[35] *Id.* ¶ 44.
[36] The Court is applying Pennsylvania law in accordance with the terms of the relevant contracts and due to GSFG's own application of Pennsylvania law in its submissions to the

GSFG has alleged a valid breach of contract claim against both Ulster and Cashell. Contracts existed between Plaintiff and the parties,[38] with their terms clearly defined by the terms and conditions on JDH's website.[39] The Defendants breached a duty imposed by the contracts when they failed to timely pay.[40] Finally, GSFG's "resultant damages"[41] are the amounts owed on the overdue accounts.

### 2.     Breach of Implied Contract Claims

"[A]n implied contract is cognizable only where it is 'entirely unrelated to the express contract" between the parties.[42] "To be entirely unrelated to the express contract, the implied contract would at least have to require…some duties different from those under the formal agreement."[43] Here, any implied contract would impose no duties beyond those identified in the JDH terms and conditions. Consequently, Plaintiff cannot bring a claim for breach of an implied contract against the Defendants.

---

Court. *See* Doc. 8 (Brief in Support of Motion for Default), Ex. A (Commodities Contract General Terms and Conditions); Doc. 8 (Brief in Support of Motion for Default) at 5. Even if New York law were to apply, Plaintiff has still established a claim for breach of contract. *See e.g.*, *Solid State Chems. Ltd. v. Ashland Inc.*, No. 22-2724, 2023 U.S. App. LEXIS 28363, at *7 (3d Cir. 2023) ("Under New York law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance under the contract by one side; (3) breach of the contract by the other side; and (4) resulting damages").

[37] *Udodi v. Stern*, 438 F. Supp. 3d 293, 299 (E.D. Pa. 2020) (quoting *Ware v. Rodale Press Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)).

[38] *See* Doc. 1 (Compl.) ¶¶ 25, 39.

[39] *See id.* ¶¶ 21, 35.

[40] *See id.* ¶¶ 48, 53.

[41] *Udodi*, 438 F. Supp. 3d at 299.

[42] *Hickey v. Univ. of Pittsburgh*, 77 F.4th 184, 192 (3d Cir. 2023) (quoting *ITT Fed. Support Servs., Inc. v. United States*, 531 F.2d 522, 529 (Ct. Cl. 1976)).

[43] *Id.*

### 3. Unjust Enrichment Claims

"A claim for unjust enrichment is 'inapplicable when the relationship between the parties is founded on a written agreement or express contract.'"[44] Alternatively pleading unjust enrichment to a breach of contract claim requires "'a dispute about the existence or validity of a contract.'"[45] Due to the valid contracts between Plaintiff and the Defendants, GSFG cannot "proceed on a quasi-contractual claim like unjust enrichment."[46] "Instead, [Plaintiff] may only pursue [its] rights under the contract."[47]

### D. Damages

Having found that GSFG has stated a legitimate cause of action against the Defendants for breach of contract, the Court must consider the amount of damages it is able to recover. Plaintiff seeks $149,149.22, plus post-judgment interest calculated at the rate of 18% per annum, from Ulster; $7,400.70, plus post-judgment interest calculated at the rate of 18% per annum, from Cashell; and $4,800.00 in attorney's fees. The Court will evaluate each of these requests in turn.

---

[44] *Holovich v. Progressive Specialty Ins. Co.*, 600 F. Supp. 3d 572, 582 (E.D. Pa. 2022) (quoting *Benefit Tr. Life Ins. Co. v. Union Nat'l Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985)).
[45] *Id.* at 583 (quoting *Buccigross v. Thomas Jefferson Univ.*, Civ. A. No. 21-cv-221-JMY, 2022 U.S. Dist. LEXIS 67135 (E.D. Pa. Apr. 12, 2022)).
[46] *Id.* at 584.
[47] *Id.*

### 1. Ulster

Plaintiff is entitled to recover $152,578.77 from Ulster on its breach of contract claim. This figure represents $149,149.22 for the principal balance and interest that has accrued through January 11, 2024 and $3,429.55 in interest incurred from January 12, 2024 through February 21, 2024.

"As for [GSFG's] request for post-judgment interest, 'because it will accrue on a federal judgment, [the Court] look[s] to federal law' to determine whether" Plaintiff is entitled to this interest.[48] "Federal law instructs that '[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.'"[49] "'Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'"[50] "Thus, '[b]ecause interest on a district court civil judgment is mandatory if requested, [Plaintiff] is entitled to post-judgment interest accruing from the date of entry of default judgment at the rate designated under 28 U.S.C. § 1961(a).'"[51]

---

[48] *EQT Prod. Co. v. Aspen Flow Control, LLC*, No. 2:20-CV-295-NR, 2022 U.S. Dist. LEXIS 231359, at *9 (W.D. Pa. Dec. 21, 2022) (quoting *Thorn Flats, LLC v. BuildPro Constr. LLC*, No. 21-5412, 2022 U.S. Dist. LEXIS 95360, at *4 (E.D. Pa. May 26, 2022) (emphasis excluded)).

[49] *Id.* (quoting 28 U.S.C. § 1961(a)).

[50] *Id.* at *10.

[51] *Id.* (quoting *United States v. Structure Builders, LLC*, No. 22-705, 2022 U.S. Dist. LEXIS 173376, at *4 (M.D. Pa. Sept. 23, 2022)).

### 2. Cashell

GSFG is entitled to recover from Cashell $7,571.46 on its breach of contract claim. This amount is comprised of $7,400.70 in principal and accrued interest through January 11, 2024 and $170.76 of interest incurred from January 12, 2024 through February 21, 2024. Plaintiff is similarly entitled to post-judgment interest on this amount at the rate "designated under 28 U.S.C. § 1961(a)."[52]

### 3. Attorney's Fees

"'Pennsylvania law does not allow awards for attorney['s] fees in suits for ordinary breach of contract…unless there is express statutory authorization, a clear express agreement of the parties[,] or some other established exception.'"[53] Here, there is clear agreement between the parties to provide for the payment of Plaintiff's attorney's fees.[54]

"In assessing a request for attorney's fees, 'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"[55] "An hourly

---

[52] *EQT Prod. Co.*, 2022 U.S. Dist. LEXIS 231359, at *10.
[53] *Zurich Am. Ins. Co. v. Sunshine Trucking, LLC*, Civ. No. 5:20-cv-04481-JMG, 2021 U.S. Dist. LEXIS 42507, at *5 (E.D. Pa. Mar. 8, 2021) (quoting *Canters Deli Las Vegas, LLC v. FreedomPay, Inc.*, 460 F. Supp. 3d 560, 574 (E.D. Pa. 2020)).
[54] *See* Doc. 8 (Brief in Support of Motion for Default Judgment), Ex. A (Commodities Contract General Terms and Conditions) ("If Company is the prevailing party in any dispute or litigation under any Commodities Contract, it shall be entitled to recover all costs of collection, including reasonable attorney's fees").
[55] *Rey Logistics, Inc. v. Zlotshewer*, Civ. A. No. 21-442, 2023 U.S. Dist. LEXIS 177415, at *9 (E.D. Pa. Sept. 28, 2023) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 56 L.3d 2d 40 (1983)).

rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current 'rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"[56]

In her Attorney's Fee Declaration, Amy Blumenthal asserts that "[b]ased on the skill and experience of each attorney who has worked on this matter, the nature of the work performed, the relevant areas of expertise, and the customary billing rates for each attorney, the fees incurred by Plaintiff in this matter were both reasonable and necessary."[57] No information regarding the hours worked for each task or the reasonableness of the rates in comparison to the "prevailing market rate in the relevant community"[58] is provided.[59] As such, GSFG has failed to meet its "burden to show that the requested attorney's fees are reasonable."[60] Should Plaintiff care to recover the attorney's fees it is entitled to under the contracts, "it will need to submit a supplemental request with sufficient documentation to justify its demand."[61]

---

[56] *Id.* (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)).
[57] Doc. 8 (Brief in Support of Motion for Default Judgment), Ex. 5 (Blumethal Affidavit).
[58] *Nat'l Salvage v. Biogas*, Civ. A. No. 22-1428-TMH, 2023 U.S. Dist. LEXIS 127846, at *7 (D. Del. July 25, 2023).
[59] *Id.*; Doc. 8. (Brief in Support of Motion for Default Judgment), Ex. 5 (Blumenthal Affidavit).
[60] *Id.*
[61] *Allstate Ins. Co. v. Nw. Med.*, Civ. A. No. 23-2480, 2023 U.S. Dist. LEXIS 196327, at *9 (E.D. Pa. Oct. 31, 2023).

## III. CONCLUSION

The Court therefore finds Plaintiff is entitled to recover $152,578.77 from Ulster; this represents $149,149.22 in principal and interest accrued through January 11, 2024 and $3,429.55 in interest from January 12, 2024 through February 21, 2024. From Cashell, GSFG is entitled to recover $7,571.46. This amount is comprised of $7,400.70 in principal and interest incurred through January 11, 2024 and $170.76 in interest incurred from January 12, 2024 through February 21, 2024. Post-judgment interest will accrue on both of these awards.

An appropriate Order follows.

                                                BY THE COURT:

                                                *s/ Matthew W. Brann*
                                                Matthew W. Brann
                                                Chief United States District Judge