IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GOLD STAR FEED AND GRAIN, LLC, | No. 4:23-CV-01942 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ULSTER DAIRY, LLC, CASHELL'S CATTLE COMPANY, BEN CASHELL, and ELIZABETH CASHELL, | |
| Defendants. | |

# ORDER

### MARCH 20, 2024

Pending before the Court is a supplemental request for attorney's fees by Plaintiff, Gold Star Feed and Grain, LLC ("GSFG"), in support of its Motion for Default Judgment.[1] The Court previously entered an Order on February 22, 2024 granting in part and denying in part GSFG's Motion for Default Judgment against Ulster Dairy, LLC, Cashell's Cattle Company, Ben Cashell, and Elizabeth Cashell (collectively "Defendants").[2] Plaintiff was provided until March 7, 2024 to file a supplemental request with appropriate documentation to recover reasonable attorney's fees.[3] For the reasons below, the Court grants this supplemental request.

"'Pennsylvania law does not allow awards for attorney['s] fees in suits for ordinary breach of contract…unless there is express statutory authorization, a clear

---

[1] *See* Doc. 12 (Supplemental Attorney Decl. in Support of Motion for Default Judgment).
[2] *See* Doc. 10 (Order Granting and Denying Default Judgment in Part).
[3] *See id.*

express agreement of the parties[,] or some other established exception.'"[4] Here, there is clear agreement between the parties to provide for the payment of Plaintiff's attorney's fees.[5]

"In assessing a request for attorney's fees, 'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"[6] "'Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community.'"[7] "In determining whether a requested hourly rate is reasonable, courts must 'assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"[8]

The supplemental information provided by Plaintiff adequately establishes that it is entitled to recover $4,800 in attorney's fees from the Defendants. Plaintiff

---

[4] *Zurich Am. Ins. Co. v. Sunshine Trucking, LLC*, Civ. No. 5:20-cv-04481-JMG, 2021 U.S. Dist. LEXIS 42507, at *5 (E.D. Pa. Mar. 8, 2021) (quoting *Canters Deli Las Vegas, LLC v. FreedomPay, Inc.*, 460 F. Supp. 3d 560, 574 (E.D. Pa. 2020)).

[5] *See* Doc. 8 (Brief in Support of Motion for Default Judgment), Ex. A (Commodities Contract General Terms and Conditions) ("If Company is the prevailing party in any dispute or litigation under any Commodities Contract, it shall be entitled to recover all costs of collection, including reasonable attorney's fees").

[6] *Rey Logistics, Inc. v. Zlotshewer*, Civ. A. No. 21-442, 2023 U.S. Dist. LEXIS 177415, at *9 (E.D. Pa. Sept. 28, 2023) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 56 L.3d 2d 40 (1983)).

[7] *Nat'l Salvage v. Biogas*, No. 22-1428-TMH, 2023 U.S. Dist. LEXIS 127846, at *5 (D. Del. July 25, 2023) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)).

[8] *Id.*

includes an itemized list of the tasks performed, the hours spent on each task,[9] the individual performing the task, and that individual's hourly rate.[10] Further, Amy Blumenthal, Esquire describes the qualifications of the four individuals that worked on this case and states that "[b]ased on [her] familiarity with the facts and circumstances of this case, [her sixteen years of] experience as a litigator…, the levels of experience and expertise of the [other individuals], the tasks performed, and [her] knowledge of the market billing rates for this type of litigation," the fees "represent a reasonable value for the professional services provided to Plaintiff."[11] After reviewing all of the provided information, I conclude that the rates and hours are "fair and reasonable," and Plaintiff is therefore entitled to recover $4,800 in attorney's fees.[12]

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 7) is **GRANTED** as to its request to recover $4,800.00 in attorney's fees from the Defendants.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[9] 17.2 hours of work was performed by Plaintiff's attorneys on this matter. *See* Doc. 12 (Supplemental Attorney Decl. in Support of Motion for Default Judgment), Ex. B (Itemized Table).
[10] *See id.*
[11] *See* Doc. 12 (Supplemental Attorney Decl. in Support of Motion for Default Judgment) ¶ 10.
[12] *Rey Logistics,* 2023 U.S. Dist. LEXIS 177415, at *10.